UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHEILA GIANELLI,<br><br>        Plaintiff,<br><br>        v.<br><br>RONALD STEVEN SCHOENFELD, et al.,<br><br>        Defendants. | No. 2:21–cv–0477–JAM–KJN PS<br><br>ORDER<br><br>(ECF Nos. 6, 19, 38) |

       On October 7, 2021, the magistrate judge filed findings and recommendations (ECF No. 38), which were served on the parties and which contained notice that any objections to the findings and recommendations were to be filed within fourteen (14) days. No objections were filed by the deadline, and so the court is entitled to presume that any findings of fact are correct. See Orand v. United States, 602 F.2d 207, 208 (9th Cir. 1979). The magistrate judge's conclusions of law are reviewed de novo. See Britt v. Simi Valley Unified School Dist., 708 F.2d 452, 454 (9th Cir. 1983).

       However, plaintiff did file late objections. (ECF No. 39.) Plaintiff was warned that failure to file objections by the deadline could waive the right to have such objections heard. See Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991). Nevertheless, in light of plaintiff's pro se status, the court has considered

1

plaintiff's objections and reviews de novo those portions of the proposed findings of fact to which an objection was made.  28 U.S.C. § 636(b)(1); McDonnell Douglas Corp. v. Commodore Business Machines, 656 F.2d 1309, 1313 (9th Cir. 1981); see also Dawson v. Marshall, 561 F.3d 930, 932 (9th Cir. 2009).

The court has reviewed the applicable legal standards and, good cause appearing, concludes that it is appropriate to adopt the findings and recommendations in full.  Plaintiff objects to the findings and recommendations solely on the ground that she has pled (or can amend to plead) lack of constructive knowledge of the conspiracy between defendants Schoenfeld and Silver before 2020.[1]  However, Ninth Circuit law uniformly treats injury discovery—not discovery of all elements of the claim—as the trigger for starting the civil RICO statute of limitations.  See Pincay v. Andrews, 238 F.3d 1106, 1109 (9th Cir. 2001) (holding that limitations period "begins to run when a plaintiff knows or should know of the injury that underlies [the] cause of action"); Grimmett v. Brown, 75 F.3d 506, 512 (9th Cir. 1996) (rejecting argument that "a plaintiff's cause of action should not accrue until she has discovered that all elements exist"); see also Rotella v. Wood, 528 U.S. 549, 555 (2000) (The "discovery of the injury, not discovery of the other elements of a claim, is what starts the clock.").  The court agrees with the magistrate judge's finding that the complaint makes clear that plaintiff had at least constructive knowledge of the injuries allegedly caused by the predicate RICO acts before August 2016.  See Pincay, 238 F.3d at 1109 (either actual or constructive notice is sufficient).

The court acknowledges the high standard which imputes constructive knowledge when a plaintiff "had enough information to warrant an investigation which, if reasonably diligent, would have led to discovery of the [injury]." Id. at 1110.  However, this standard serves RICO's objective "not merely to compensate victims but to turn them into prosecutors, 'private attorneys general,' dedicated to eliminating racketeering activity." Rotella, 528 U.S. at 557 (footnote and citations omitted).  Plaintiff's objections are overruled.

---

[1] The court notes that plaintiff did not raise this argument in either of her opposition briefs, opposing the statute-of-limitations defenses solely on tolling grounds. (ECF No. 15 at 7-8; ECF No. 28 at 2-3.)

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations (ECF No. 38) are ADOPTED IN FULL;
2. Defendant Silver's motion to dismiss (ECF No. 6) is GRANTED;
3. Defendants Dujmovich and Schultz's motion to dismiss (ECF No. 19) is GRANTED IN PART;
4. The First Cause of Action for violation of California Labor Code § 1102.5 is dismissed with prejudice as to defendants Dujmovich, Schultz, Schoenfeld, and Silver;
5. The Second Cause of Action for adverse employment action in violation of public policy is dismissed with prejudice as to defendants Dujmovich, Schultz, Schoenfeld, and Silver;
6. The Third Cause of Action for sex discrimination in violation of the FEHA is dismissed with prejudice as to defendants Dujmovich, Schultz, Schoenfeld, and Silver;
7. The Fourth Cause of Action for unlawful retaliation in violation of the FEHA is dismissed with prejudice as to defendants Dujmovich, Schultz, Schoenfeld, and Silver;
8. The Fifth Cause of Action for violation of RICO, 18 U.S.C. § 1962(c), is
   a. dismissed with prejudice as against defendants Schoenfeld and Silver, and
   b. dismissed with leave to amend to assert any RICO claims based on acts occurring after August 13, 2016, that fall within RICO's "separate accrual rule" as against defendants Dujmovich and Schultz;
9. The Sixth Cause of Action for violation of RICO, 18 U.S.C. § 1962(d), is dismissed with prejudice in its entirety;
10. The Seventh Cause of Action for violation of the California Equal Pay Act and the federal Equal Pay Act is dismissed as against all defendants
    a. with prejudice as to claims based on wages received before August 4, 2017, and
    b. with leave to amend as to claims based on subsequent wage payments;
11. The Eighth Cause of Action for civil conspiracy is dismissed in its entirety with leave to amend; and
12. This case is referred again to the magistrate judge for further proceedings.

///

Dated: November 4, 2021  /s/ John A. Mendez
THE HONORABLE JOHN A. MENDEZ
UNITED STATES DISTRICT COURT JUDGE